Argued November 13, 1918, affirmed January 7, 1919.

## STATE *v.* BERTSCHINGER.

(177 Pac. 63.)

**Criminal Law—Time of Trial—Congested Docket—Absent Witness.**

1. Indictment returned in September will not be dismissed for failure to set case for trial during October term, to which it had been postponed on oral stipulation, due to congested condition of docket; and where motion to dismiss was not filed until accused had received notice that trial was set for December, and there was no showing that he was unprepared because of absence of witness, or who witness was, whether he was out of jurisdiction, and what he would testify.

[As to general principles controlling absence of witnesses as ground for continuance, see note in 122 Am. St. Rep. 745.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.

On June 1, 1917, the defendant was indicted by the grand jury of Multnomah County for the crime of manslaughter in the commission of an abortion upon a Mrs. Oswald. The defendant entered a plea of not guilty and the case was set for trial on September 12, 1917. A few days previous to that date the district attorney and defendant's counsel made an oral agreement that the trial of the case should be postponed until the October term, 1917. Nothing more was done and the case was finally set for hearing on December 14, 1917. Defendant's attorneys claim that they did not receive any notice of the trial of the case on that date until December 11, 1917. They also claim that they consented to the postponement of the trial to the October term "upon the condition that the case would be called and tried in the early part of October."

After receiving notice on December 11th that the case was set for trial three days later, the defendant then filed a motion to dismiss the indictment, "upon the ground that the district attorney had not brought the defendant to trial at the next term of court after the finding of the indictment." This motion was based upon the records of the court, the affidavits of the defendant and of his attorneys. A counter-affidavit was filed by the deputy district attorney, together with a reply affidavit of one of the defendant's attorneys; all of which affidavits are in the transcript. After argument, the motion to dismiss was overruled and the order overruling it recites:

"And it appearing to the court after hearing the argument and statements of counsel *pro* and *con,* from the affidavits of respective counsel now on file herein.

and from the condition of the trial docket of this court, and from the statements of respective counsel, that good cause and reasons exist for the denial of the above-named defendant's motion to dismiss the indictment herein for the failure to try the defendant at the next term after he was indicted;

"Now, therefore, it is hereby ordered and adjudged that the defendant's motion to dismiss the indictment herein be and the same hereby is denied."

From this ruling the defendant appeals.

AFFIRMED.

For appellant there was a brief filed over the names of *Mr. John J. Fitzgerald* and *Mr. Julius N. Hart.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and *Mr. Charles C. Hindman,* Deputy District Attorney, and *Mr. J. L. Hammersly,* with an oral argument by *Mr. Hammersly.*

JOHNS, J.—This case is the usual result of oral stipulations between counsel about which the court is not consulted and which it has not approved, and of the setting of trial without ample notice to opposing counsel. Yet we are convinced that the office of the district attorney acted in good faith and that any apparent delay in the trial of the case was not through the fault of that office. The record shows that the real cause of the delay was the congested condition of the trial docket and that this case was actually set for trial on the first open date.

While the defendant's motion to have the indictment dismissed is upon the alleged failure of the state to have the trial set for the October term of court, yet it is very significant that the motion to dismiss was not filed until after his counsel had received notice that the

trial was set for December 14, 1917, and that he claims he was not ready for trial then for the reason that he could not obtain the attendance of an important witness. There is no showing as to who the witness was, whether or not he was out of the jurisdiction of the court, when he had left or whether he would ever return, what he would testify to if present, or what effort, if any, had been made to locate the witness. The defendant is placed in the untenable position of complaining because he did not have his trial at the October term, and objecting to his trial in December on the ground that he was not then ready for trial. There is no merit in the motion to dismiss, and the ruling of the Circuit Court is affirmed.          AFFIRMED.

BEAN, BENSON and BURNETT, JJ., concur.

---

Original proceedings in disbarment, submitted on motion to strike petition January 23, overruled February 6, 1917.