Argued March 21, affirmed April 17, 1928.

# VINCENT FORREST *v.* H. S. TURLAY.

(266 Pac. 229.)

**Automobiles—Boy Stooping to Place Purse, With String Attached, on Pavement When Struck by Automobile Held not Contributorily Negligent as Matter of Law.**

1. Eleven year old boy, struck by automobile while stooping to place purse, with string attached, on pavement, for purpose of attracting motorists' attention and drawing it away when anyone stopped to pick it up, *held* not guilty of contributory negligence as matter of law.

**Automobiles—Boy's Improper Use of Street Did not Necessarily Relieve Motorist from Duty to Exercise Due Care to Avoid Striking Him.**

2. That improper use was made of street by eleven year old boy, in placing purse on pavement for purpose of attracting motorists' attention and drawing it away by string attached if any stopped to pick it up, did not necessarily relieve motorist of duty to exercise due care to avoid striking boy, who was not a trespasser.

**Evidence—It is Well-known Fact That Children Often Play in Streets.**

3. It is a well-known fact that children often use streets, to a certain extent, for purposes of play.

**Automobiles—Motorists Approaching Children Playing in Street must Exercise Care Commensurate With Danger, Without Assuming That They will Exercise Care Expected of Adult.**

4. Motorist approaching children playing in street must exercise care commensurate with danger involved, be on alert, and keep car under control, and cannot drive on assumption that they will exercise care to be expected of person of mature judgment and experience.

**Automobiles—Conduct of Boy, Struck by Automobile While Playing in Street, must be Measured by Care Reasonably Expected of Child of His Age, Experience and Intelligence.**

5. Conduct of eleven year old boy, struck by automobile while playing in street, is to be measured by degree of care a child of his age, experience and intelligence would reasonably be expected to exercise under the same circumstances.

---

1. Reciprocal duty of driver of automobile and children in street, see note in L. R. A. 1918A, 245.

5. Age at which doctrine of contributory negligence may be applied, see notes in 14 Am. St. Rep. 590; L. R. A. 1917F, 42. See, also, 20 R. C. L. 126. Contributory negligence of children, see notes in Ann. Cas. 895; **17 Ann. Cas. 353;** Ann. Cas. 1913A, 117; **Ann. Cas. 1913B, 969.**

Automobiles—Boy's Failure to Jump Right Way to Escape Injury by Automobile While Playing in Street is not Conclusive Evidence of Negligence.

6. That eleven year old boy, struck by automobile while playing in street, did not jump the right way to escape injury is not conclusive evidence of his negligence.

Appeal and Error—Error in Instruction, not Excepted to, will not be Considered on Appeal.

7. Error in instruction as to "last clear chance" doctrine will not be considered on appeal, where no exception was taken thereto.

Trial—Refusal of Cautionary Instruction as to Quotient Verdicts is Within Trial Court's Discretion.

8. Refusal of cautionary instruction relative to quotient verdicts is matter resting in discretion of trial court.

Trial—Jurors cannot Impeach Quotient Verdicts by Their Affidavits.

9. Jurors cannot impeach quotient verdicts by their affidavits; public policy forbidding.

Appeal and Error, 3 C. J., p. 843, n. 67.
Motor Vehicles, 42 C. J., p. 1049, n. 78, p. 1050, n. 81, p. 1052, n. 92, p. 1270, n. 45.
Trial, 38 Cyc., p. 1762, n. 72, p. 1903, n. 65.

From Columbia: J. A. EAKIN, Judge.

Department 2.

'AFFIRMED.

For appellant there was a brief over the names of *Messrs. Collier, Collier & Bernard* and *Mr. John L. Foote*, with an oral argument by *Mr. H. E. Collier.*

For respondent there was a brief over the names of *Mr. Dan E. Powers* and *Mr. Glen R. Metsker*, with an oral argument by *Mr. F. E. Swope.*

BELT, J.—This is an action to recover damages for personal injuries sustained by Vincent Forrest, a boy eleven years of age, who was struck by an automobile driven by defendant. On July 11, 1925, at about one-thirty in the afternoon, the defendant was driving on the Lower Columbia River Highway through the

City of Rainier. It was a clear day and the concrete pavement was dry. At time of the accident this boy and a few of his playmates were engaged in the prank of placing a purse on the pavement for the purpose of attracting the attention of passing motorists. A long string was attached to the purse and when anyone stopped to pick it up it was drawn away by a boy hidden behind a fence near the highway. It appears from the testimony that the injured boy was about in the middle of the pavement, stooping down to place the purse, when he was struck by the automobile. There is evidence that the defendant first saw him on the right side of the pavement at a distance of 150 to 200 feet. At that time, according to some of the witnesses, he was driving in violation of the law at the rate of 35 or 40 miles per hour. Defendant says that when the accident occurred he was driving only five or six miles per hour. The boy was picked up 30 feet from the place where he was struck. Defendant thus gives his version of this accident:

"When I first noticed him this distance of about one hundred and fifty feet, he was standing by the highway. When I got, I would say, about forty feet from him, he crossed onto the highway in front of the direction of my—that my car was traveling, and went to a point about the middle of the highway, stopped a second there and put an object on the highway. When he started across, I supposed he was going to the filling station that is on the north side or on my left side as I was driving towards Portland, but when he stopped at the center of the highway, I knew that he wasn't going over to the filling station and I sounded my horn twice at that time and began to slow up for him, because I wasn't sure what the little fellow would do. He stopped just a second in

the center, then turned and started back to the west side of the highway in the same direction that he had come from, and if he had continued in the same westerly direction, he would have been off the highway by the time I passed the point where he was walking on it, but when he was within about two feet and a half of the edge of the sidewalk, he looked over his right shoulder. * * and I struck him just as he made the turn.''

1–6. We cannot agree with defendant's principal contention that the boy was, as a matter of law, guilty of contributory negligence. It was indeed a foolish and dangerous diversion in which this boy was engaged at the time of his injury. Highways are not constructed for playgrounds, but, even if it be conceded that an improper use was made of this street, it does not necessarily follow that defendant was relieved of the duty to exercise due care. The boy was not a trespasser. It is a well-known fact that children often use streets to a certain extent for purposes of play. A motorist who approaches them when thus engaged must exercise care commensurate with the danger involved. He must be on the alert and keep his car under control. It will not do to drive on the assumption that a child will exercise the care to be expected of a person of mature judgment and experience. It is better to proceed on the theory that you never can tell which way a boy will jump. In the instant case the conduct of this boy is to be measured by the degree of care a child of his age, experience and intelligence would reasonably be expected to exercise under the same circumstances. That he did not jump the right way to escape injury is not conclusive evidence of negligence. This is not a case where a child hitherto hidden from view darted

out in front of an oncoming automobile, nor is it one
where a child is standing on a sidewalk or other place
of safety and suddenly and unexpectedly runs in front
of an automobile. Numerous cases on the question at
bar may be found in an exhaustive note in L. R. A.
1918A, 245. It will be observed, as said by Mr. Jus-
tice McBride in *Russell* v. *Oregon R. & N. Co.*, 54 Or.
128 (102 Pac. 619), that the "decisions of the courts
upon this subject are as various as the tempera-
ments of the different judges, * * ." However, it is
believed that the conclusion reached is in keeping with
the great weight of authority and the better reasoned
cases: *Russell* v. *Oregon R. & N. Co.*, supra; *Ahonen*
v. *Hryszko*, 90 Or. 451 (175 Pac. 616, 177 Pac. 63);
*Lawrence* v. *Portland Ry., L. & P. Co.*, 91 Or. 559
(179 Pac. 485); *Ratcliffe* v. *Speith*, 95 Kan. 823 (149
Pac. 740); *Patrick* v. *Deziel*, 223 Mass. 505 (112 N. E.
233); *Townsley* v. *Yellow Cab Co.*, 145 Tenn. 91 (237
S. W. 58); *Dervin* v. *Frenier & Carmody*, 91 Vt. 398
(100 Atl. 760); *Silberstein* v. *Showell, Fryer & Co.*,
267 Pa. St. 298 (109 Atl. 701); Berry on Automobiles
(5 ed.), § 493; Huddy on Automobiles (7 ed.), § 587.

7. It is claimed here for the first time that the
court erroneously instructed the jury relative to the
"last clear chance" doctrine. Since no exception was
taken to this instruction, we pass this assignment of
error without further comment. Citation of authori-
ties is deemed unnecessary.

8, 9. It was not error to refuse the giving of cau-
tionary instruction relative to quotient verdicts. This
is a matter resting in the discretion of the trial court:
*Wells* v. *Clark & Wilson Lumber Co.*, 114 Or. 297 (235
Pac. 283). Nor can jurors by their affidavits impeach
such verdicts. Public policy forbids: *Spain* v. *Ore-*

*gon-W. R. & N. Co.,* 78 Or. 355 (153 Pac. 470, Ann. Cas. 1917E, 1104).

We see no merit in the other assignments.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.