## JOHN McCORMICK v. JOHNSON PURE MILK COMPANY AND ANOTHER.[1]

March 21, 1930.

No. 27,830.

*Schwartz & Halpern,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre* and *Paul J. McGough,* for respondent milk company.

HOLT, J.

Plaintiff appeals from an order denying a new trial after a directed verdict for defendant Johnson Pure Milk Company.

Action brought by the father in behalf of his minor son, Sidney McCormick, 11 years old, to recover damages from respondent and the Minneapolis Street Railway Company for negligently injuring Sidney under these circumstances disclosed by the evidence:

[1]Reported in 229 N. W. 881.

Sidney and two other boys of about the same age, all on bicycles, at about six p. m. on a July day, were riding abreast going north on the easterly side of Hennepin avenue near Twenty-second street in Minneapolis. According to one of plaintiff's witnesses, who was driving a truck behind and slightly to the right or east of the truck of respondent, the boys "were just having a good time, zigzagging up and down. * * * I noticed one of the boys kind of going out this way, and the Johnson truck swerved to the left and stopped an'd I had to stop right behind him. I noticed the boy fall down, but I didn't see anyone strike him because I got out of my car just then when it happened. The street car was going right alongside of me." The question was put to him: "At the time the boy fell off the bicycle was the truck standing or moving?" He answered: "It was standing still." Sidney testified: "I was riding along and I went to go a little more over to the curb and I heard a hit and I heard a bump on my bicycle and then the front of the truck ran over my leg." The only other testimony relating to the occurrence is that the driver of the truck said to the father when he brought the boy home that he had knocked the boy down, that "it was not his fault as the truck had been bumped and knocked over the boy." Sidney received a broken leg.

The complaint alleged that "each of said defendants negligently endeavoring to pass each other * * * carelessly and wilfully by means of the said negligent operation of the said street car and said motor truck, caused a collision between the said street car and motor truck, which said collision in turn caused the said motor vehicle to be violently" run into and to strike the bicycle of Sidney. The answer of respondent admitted "that a collision occurred between Sidney McCormick, a street car belonging to the Minneapolis Street Railway Company, and a truck" of defendant; and admitted that said street car through careless and negligent operation collided with the truck. There was no proof that the street car struck anything, and although the motion for a new trial was made as to both defendants, no appeal was taken from the order denying a new trial as to the defendant street car company.

Was there evidence to sustain a verdict against respondent, Johnson Pure Milk Company, the owner of the truck which came in contact with Sidney? No more appearing than that a vehicle moving along a highway is struck from behind by an oncoming or passing vehicle would justify a jury to infer that the driver of the latter vehicle was negligent. The ordinary careful driver observes and avoids contact with vehicles moving in front. And if it is a "zigzagging" bicycle operated by a boy which is overtaken and is to be passed, ordinary care demands that a greater distance be maintained than with respect to any other vehicle. Weasler v. Murphy T. & S. Co. 167 Minn. 211, 208 N. W. 657. Where a child is using the highway greater caution is required of operators of vehicles thereon than when the user is an adult. Olesen v. Noren, 161 Minn. 113, 201 N. W. 296. But plaintiff's proof did not stop with Sidney's testimony that his bicycle was hit from the rear and the truck passed over his leg; his other and only eyewitness testified he saw one of the zigzagging bicycles "going out this way" (evidently indicating towards the truck) as the truck swerved to the left; that the truck was near if not straddling the street car tracks; that the truck was standing still as he saw Sidney fall off the bicycle; and that he saw no collision between either the street car and the truck or the truck and the bicycle. This witness was where he could see. The statement of the truck driver, testified to by Sidney's father, tends to exculpate the driver from blame and place it on someone else. The injury itself hardly confirms Sidney's testimony that the truck broke his leg. There is testimony that the leg was placed in a plaster of paris cast, but there was no resetting for the bones were in alignment. It would not be likely that a truck passing over the leg of an 11-year old boy would produce only a simple fracture and no other visible injury.

One reads the record with the feeling that the evidence to establish negligence of the truck driver is uncertain and inexcusably scant. Neither of the two companions of Sidney testified; nor was the motorman of the street car or the driver of the truck subpoenaed by plaintiff for cross-examination. In view of the allegations of the

complaint, above set out in part, that the cause of the collision was the negligence of the operator of the street car in running it against the truck which in turn struck the bicycle, and which were admitted by respondent's answer, fairness would seem to demand that plaintiff, who dragged the two defendants into court charging each with the cause of the damages suffered, should adduce all available proof as to what part each defendant contributed to the accident. On the testimony offered there was no excuse for suing the street car company. Still plaintiff did move for a new trial as to that company, though taking no appeal from the order denying the motion.

We deem the evidence too fragmentary and uncertain to support a verdict had one been returned for plaintiff. Hence there was no error in directing a verdict for respondent.

The order is affirmed.