## E. E. HARKNESS v. FRANK ZUBE.[1]

February 27, 1931.

No. 28,285.

*Charles F. Kelly, Gordon J. Mangan, George J. Allen, Samuel P. Allen* and *Lloyd B. Bongsto,* for appellant.

*William B. Richardson* and *Irving L. Eckholdt,* for respondent.

HOLT, J.

Defendant appeals from the order denying his alternative motion for judgment or a new trial after a verdict for plaintiff.

Defendant was charged with having caused the death of plaintiff's intestate, a girl not quite seven years old, by the negligent operation of his automobile on a street in Rochester, Minnesota. The street, 66 feet wide, is through a residential district. The traveled roadway is 26 feet wide, on either side of which are boulevards or grass plots with sidewalks and shade trees. There are no curbs.

[1]Reported in 235 N. W. 281.

The girl was with another girl, 12 years old, who was bouncing a ball with a tennis racket. In pursuit of the ball the girls started west across the street. The older girl reached the sidewalk, but the younger was struck by the automobile as she stepped up on the boulevard or grass plot by the roadway.

Defendant was a man 76 years old. He drove his automobile only occasionally, his work of delivering goods for merchants being done with a horse and wagon. The horn on his car did not work, and when he saw the girls in peril he sought to warn them by yelling. He was driving near the center of the roadway when he first noticed the girls but says he swerved to the boulevard to pass them. His testimony is confusing and gives the impression that he was not observant of the position of the girls.

Defendant cites Lovett v. Scott, 232 Mass. 541, 122 N. E. 646; Barger v. Bissell, 188 Mich. 366, 154 N. W. 107; McAvoy v. Kromer, 277 Pa. 196, 120 A. 762, and like cases, where persons without warning unexpectedly dart in front of or into the side of a vehicle driven along a street. But the jury could find that defendant saw these girls in the street a considerable distance ahead. In fact he so testified. It could also be found that he failed to slacken speed or use his brakes in time. Taggart v. Collins, 210 App. Div. 671, 206 N. Y. S. 635; Ahonen v. Hryszko, 90 Or. 451, 175 P. 616, 177 P. 63; Silberstein v. Showell, Fryer &·Co. 267 Pa. 298, 109 A. 701; Frank v. Cohen, 288 Pa. 221, 135 A. 624; Bowman v. Stouman, 292 Pa. 293, 141 A. 41, are more in point on facts similar to those which the jury could find proved in this case. The jury could well conclude that defendant's failure to operate his car with due care caused the death of plaintiff's intestate. Where a child is seen in the highway, greater caution is required of a driver of an approaching vehicle than if the person in the highway were an adult. McCormick v. Johnson Pure Milk Co. 179 Minn. 578, 229 N. W. 881.

Considering the age of the girl and the place she had reached when struck down, the issue of her contributory negligence was unquestionably for the jury, and appellant does not really contend otherwise.

Since we conclude that the issues of negligence and contributory negligence were for the jury, the court did not err in denying the motion for judgment notwithstanding the verdict.

The only other error assigned is misconduct of counsel. In view of the confused and contradictory testimony of defendant, we see no misconduct in plaintiff's counsel asking on cross-examination if he, defendant, had not been confined lately in the state hospital for the insane. The answer that he had been so confined within the last year or two was on motion of defendant stricken out and the jury admonished to disregard it. On direct, defendant's counsel brought up the subject by again asking defendant when it was that he was last confined in the hospital, and he then answered, "twenty years ago." There is not a word in the record that plaintiff's counsel after asking the question referred to in any manner alluded to the subject. We agree with the trial court that there was no misconduct.

The order is affirmed.