Argued March 14, reversed and remanded July 16, petition for rehearing denied September 17, 1958

## MAKER *v.* WELLIN

329 P. 2d 1114
327 P. 2d 793

*Francis F. Yunker,* Portland, argued the cause and filed a brief for appellant.

*William F. Schulte,* Portland, argued the cause and filed a brief for respondent.

Before Perry, Chief Justice, and Rossman, Mc-Allister and Sloan, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Waldo Maker, a twelve-year-old boy who appears through a guardian ad litem, from a judgment entered by the circuit court in favor of the defendant. The entry of the judgment was preceded by the return of a verdict favorable to the defendant. The action out of which the challenged judgment arose sought damages on account of an injury which the plaintiff sustained April 14, 1953, at 8:00 p. m., when a bicycle, which he was operating northerly on Southeast 82nd avenue in Portland, collided with or was struck by an automobile which the defendant was operating westerly on Southeast Woodstock avenue. Traffic in the intersection of the two streets is directed by an electric signaling device which displays in succession green, amber and red lights.

The complaint charged the defendant with negligent operation of his automobile and submitted seven specifications of the general charge. The latter was denied by an answer which averred that the plaintiff (1) failed to maintain a lookout; (2) failed to maintain control over his bicycle; (3) operated his bicycle at excessive speed; and (4) entered the intersection upon a red light. The reply put in issue those averments.

Evidence presented by the defendant himself showed that chronologically the plaintiff was twelve years of age, but that in mental development he was one year younger than that.

The plaintiff supported the charge that the defendant was negligent with evidence which, if believed, would entitle him to a favorable finding. According to testimony which he produced, the traffic

light facing him was green when he entered the intersection. The defendant presented evidence in support of his charges against the plaintiff.

The circuit court's judgment is challenged by the plaintiff-appellant through six assignments of error. The third, to which we will now give attention, urges that the trial judge erred when his instructions to the jury authorized that body to employ, in determining whether or not the plaintiff was negligent, the same rules and standards that are applied in the instances of adults. The exception stated:

> "The plaintiff further takes exception to the giving of the instruction that the standard of care of the plaintiff in this case was to be based upon that of a reasonable and prudent person, inasmuch as it does not take into consideration the age and experience of the plaintiff."

The instructions told the jury:

> "This is a case based upon negligence. * * * It is the failure to exercise that degree of care that a reasonably cautious and prudent person would have exercised under the same or similar circumstances * * *. That is what we call and define as common law negligence.
>
> "Statutory negligence, on the other hand, is the doing of an act which is prohibited by the law of the State of Oregon, * * *.
> * * * * *
> "On the other hand it is not encumbent upon the defendant to prove all the charges of negligence with which he charged the plaintiff * * *, but if the defendant proves only one of them by a preponderance of satisfactory evidence, such proof is sufficient to establish contributory negligence on the plaintiff, however slight that negligence may be, * * *.
> "* * * If, after a complete survey of the evi-

dence in your deliberations, you have reached the conclusion that both parties were negligent, that the defendant was negligent in one or more of the particulars as submitted to you, and that the plaintiff himself was negligent in one or more of the particulars as submitted to you, and that such negligence, if any, contributed to the bringing about of the accident, then the law leaves the parties where it finds them.

\* \* \* \* \*

"I instruct you that every person riding a bicycle shall be subject to the provisions of the laws of the State of Oregon regulating traffic; that the driver of a bicycle shall be subject to the provisions of the act which is the Motor Vehicle Laws that are applicable to the drivers of vehicles, except \* \* \*.

\* \* \* \* \*

"This is known as the basic rule, and violation on the part of either the plaintiff or the defendant would constitute negligence in and of itself.

\* \* \* \* \*

"You are instructed also that it was the duty of both the plaintiff and the defendant to exercise reasonable care and diligence with reference to lookout for traffic. If you find from a preponderance of the evidence in this case that either the plaintiff or the defendant in the operation of their vehicles failed and neglected to keep such lookout for traffic as would have been kept by a reasonable and prudent person under the circumstances attendant at the time and place of the collision, then in that event the party that failed to maintain such reasonable lookout would be guilty of negligence.

\* \* \* \* \*

"I instruct you that if you find that the plaintiff, Waldo Maker, entered the intersection of 82nd Street with Woodstock at a time when the traffic control signal was yellow, then you must determine whether or not the plaintiff could have operated his bicycle to a stop before entering the south crosswalk at the intersection. If he could have done so,

he should have, and in that event—in the event that he did not, such would be negligence in and of itself as a matter of law; * * *."

The above are not the only instructions that acquainted the jury with the doctrine of negligence. As the foregoing indicates, they told the jury that unless the plaintiff's conduct met the standard of a reasonably prudent person he was guilty of negligence. The instructions nowhere authorized the jury to take into account the plaintiff's age, experience, or intelligence in determining whether or not he was negligent.

Several decisions of this court state the standard of care that is expected of a child.

*Forrest v. Turlay,* 125 Or 251, 266 P 229, was concerned with a plaintiff, eleven years of age, who ran into a street while engaged in play, and was there struck by the defendant's automobile. The decision declared:

"* * * It will not do to drive on the assumption that a child will exercise the care to be expected of a person of mature judgment and experience. * * * In the instant case the conduct of this boy is to be measured by the degree of care a child of his age, experience and intelligence would reasonably be expected to exercise under the same circumstances."

In *Cooper v. North Coast Power Co.,* 117 Or 652, 244 P 665, 245 P 317, in which a boy, twelve years of age, was electrocuted by an uninsulated wire of the defendant, the decision, in affirming judgment for the plaintiff, said:

"The degree of care and the caution required of a child must be graduated upon the knowledge, discretion, maturity and experience of the child in each case as it arises: * * *."

*Gigoux v. Yamhill County,* 73 Or 212, 144 P 437, referring to a child ten years and one month old, said:

"An infant is required to exercise that degree of care, in order to avoid personal injury, that the testimony shows the child reasonably capable of exercising, depending upon his age, knowledge and mental capacity: *   *   *."

*Russell v. Oregon R. & N. Co.,* 54 Or 128, 102 P 619, was an action by the administrator of the estate of a boy, thirteen years of age, who lost his life when the vehicle that he was driving was struck by the defendant's train at a grade crossing. Referring to the boy and the manner in which he conducted himself when he drove upon the defendant's track, the decision said:

"*   *   * In a man of mature years we would be inclined to hold that a case of contributory negligence was so satisfactorily made out that the verdict ought not to be allowed to stand. But we are not prepared to apply that rule to the case of a boy of the age of deceased. It is true he was shown to be a bright, intelligent boy, the equal, and perhaps the superior of many boys of his age. He had driven over this crossing nearly every day for over two weeks, and had been told by his father to be careful at the crossing. A lady had warned him to be careful, and he had answered that he knew enough to take care of himself, and, no doubt, with the self-sufficiency of youth, he thought he did. But with all his intelligence he was yet a child. He 'thought as a child and understood as a child,' and in an emergency he would act as a child, and it would be a harsh rule that would hold him to the same strict accountability that would be required of a person of mature years. *   *   *

"While a boy of the general intelligence of the deceased, as shown by the testimony, approaches in some respects the standard of an adult, it is not

for the court, as a matter of law, to say that he had the judgment, the power of reflection and discrimination, to appreciate the full extent of the danger at this crossing. This was a matter for the jury."

The decisions just reviewed employ the general rule, as is indicated by the following taken from an extensive annotation in 174 ALR 1084:

"It is a well-settled rule, as stated in the earlier annotation, that the standard of care for an infant old enough to be chargeable with or capable of contributory negligence is that care ordinarily exercised by children of the same age, capacity, discretion, knowledge, and experience under the same or similar circumstances, and that, at least until he has reached the later years of infancy, a child is not bound to exercise the care required of an adult."

The annotation just mentioned is succeeded, at page 1170, by one entitled "Child's violation of statute or ordinance as affecting question of his negligence or contributory negligence." The annotation states, at page 1171:

"On the other hand, it is universally recognized in cases not involving law violations by an infant, that special consideration is to be given to a child's age, intelligence, and capacity in determining the question of his contributory negligence, at least until the child has reached the later years of his infancy and may be judged by an adult standard of conduct."

At page 1173 the capable author of the annotation gives his personal reaction to the scores of decisions which have passed upon the issue as to whether or not a child is capable of being negligent per se. That question and the annotation were not called to the attention of the trial court. In fact, neither the plain-

tiff nor the defendant cited the annotation nor any text upon the subject to us. A splendid discourse upon the subject appears in 51 Dickinson L Rev 79. See, also, *Morby v. Rogers,* 122 Utah 540, 252 P2d 231.

■ This is a court of review and we, therefore, do not believe that we should undertake to pass upon an issue which received no mention in the circuit court. We also believe that neither the exception announced in the circuit court nor the assignment of error submitted by the appellant's brief suggests the question as to whether or not a child of the age of the plaintiff is capable of negligence per se. We shall, therefore, mention that subject no further.

■ It seems clear that the instructions erred when they informed the jury that the law exacted "reasonable care and diligence" of the plaintiff as he rode his bicycle, and omitted to give the jury the standard which is portrayed, for example, in the Gigoux decision:

> "An infant is required to exercise that degree of care, in order to avoid personal injury that the testimony shows the child reasonably capable of exercising, depending upon his age, knowledge and mental capacity."

The assignment of error under consideration, therefore, reveals merit.

In view of our treatment of the third assignment of error, which we sustain, we deem it unnecessary to set forth individually our reactions to the other assignments of error.

Reversed and remanded.

William F. Schulte and Koerner, Young, McColloch & Dezendorf, Portland, for petition.

Francis F. Yunker and John U. Yerkovich, Portland, contra.

ROSSMAN, J.

The defendant-respondent has filed a petition for rehearing which submits the following as its basis:

"(a) The court failed to apply ORS 483.034 and failed to follow its previous decisions which establish that the same standard of care is imposed upon all persons subject to the Motor Vehicle Law without regard to their age or capacity.

"(b) The court ignored the fact that the trial court instructed the jury that all motor vehicle laws apply to a bicycle rider, and plaintiff failed to take any exception to such instructions.

"(c) The court failed to note that plaintiff did not request an instruction advising the jury that it could consider the plaintiff's age and experience in connection with contributory negligence and, therefore, plaintiff's exception to the failure of the trial court to so instruct came too late. The exception was insufficient to afford a basis for review of that question in this court."

ORS 483.034 cited in subparagraph (a) of the petition came into our laws as a part of Oregon Laws 1931, ch 360; it follows:

"Every person riding a bicycle or an animal upon a roadway and every person driving or lead-

ing any animal is subject to the provisions of this chapter applicable to the driver of a vehicle, except those provisions which by their very nature can have no application."

■ We do not believe that the purpose of the law just quoted was to require that a charge of having failed to exercise due care, unaffected by legislation, made against a child of tender years, who at the time of his injury was riding a bicycle, must be sustained unless the child's operation of its bicycle conformed to the standard of a reasonably prudent adult. Our previous opinion quoted from several of our precedents which held that when a child is charged with negligence, the standard governing the charge is not that of an adult but of a child of like age, capacity, knowledge and experience. We are satisfied that those decisions employed the correct principle of negligence law and were properly decided. By reverting to our previous opinion in this case, it will be observed that the instruction which was challenged by the plaintiff was concerned, not with what the defendant-respondent terms "statutory" negligence, but with common-law negligence. The latter, in our belief, is unaffected by ORS 483.034.

■ We come now to subparagraph (c) of the petition for a rehearing. It misconceives the holding of our previous opinion. The exception to the instruction, which was the subject matter of our previous opinion as quoted in the latter, was not concerned with any instruction which the plaintiff should have requested, but with an instruction actually given by the trial judge to the jury. For example, as shown by our previous opinion, the trial judge charged the jury, in part, as follows:

"You are instructed also that it was the duty

of both the plaintiff and the defendant to exercise reasonable care and diligence with reference to lookout for traffic. If you find from a preponderance of the evidence in this case that either the plaintiff or the defendant in the operation of their vehicles failed and neglected to keep such lookout for traffic as would have been kept by a reasonable and prudent person under the circumstances attendant at the time and place of the collision, then in that event the party that failed to maintain such reasonable lookout would be guilty of negligence."

That instruction and others which dealt with charges of negligence which were unaffected by legislation required the plaintiff to conform to the standard of a reasonably prudent adult. The exception taken by the plaintiff to those instructions was based upon a contention, as voiced by his counsel at the conclusion of the instructions, that they required the plaintiff, a 12-year-old boy, to conform to "the standard of care * * * of a reasonable and prudent person" and that "the instruction given does not take into consideration the age and experience of the plaintiff." We believe that the exception must be sustained.

We have given attention once more to this case. We do not believe that our previous opinion was in error.

The petition for a rehearing is denied.