Decided May 14, 1883.

## STATE v. GILBERT. *

JUDGMENT ROLL MAY BE CORRECTED TO CONFORM TO THE TRUTH.

1. The judgment roll in a criminal action is conclusive as to the facts transpiring at the trial. The power of the court, where the trial is had, to correct such roll, on proper application, and cause it to conform to the truth, is undoubted, but until so corrected it is the record of the court, importing absolute verity, and its accuracy cannot be called in question.

INDICTMENT FOR TWO OFFENSES OF SAME GRADE.

2. The transcript of the judgment roll, on appeal, disclosing two separate indictments against appellant for distinct crimes, although of the same grade, and only one verdict and judgment, and containing nothing to indicate that the trial and conviction were had on only one of the indictments, the judgment was held erroneous and reversed because: (1) It appeared that the appellant had been tried on both indictments at the same time. (2) The record was entirely uncertain as to which crime the conviction was had.

From Polk: REUBEN P. BOISE, Judge.

Two indictments were found against Tom Gilbert for murder in the first degree—one for killing an Indian and the other for killing an Indian woman, both crimes having been committed on November 28, 1882, in Polk County, Oregon, and upon trial, the defendant was found guilty and sentenced to death, and he appeals.

REVERSED.

*Messrs. Daly & Butler* for appellant.

*William H. Holmes,* District Attorney, for the State.

Opinion by MR. CHIEF JUSTICE WATSON.

At the December term, 1882, of the circuit court for Polk County, the grand jury found two indictments for murder in the first degree against the appellant—one for killing an Indian named Dave Yatskawa on November 28, 1882, in said county; and the other for killing an Indian woman named Pononapa, at the same time and place. With the exception of the name of the person alleged to have been murdered there is no difference in

---

*This case, decided May 14, 1883, having never been officially reported, is deemed of sufficient importance to warrant its publication at this late date.                                               REPORTER.

the two indictments.    The appellant was tried at the
same term, convicted and sentenced to death.    In the
journal entry of the judgment, however, the clerk failed
to state any crime for which the conviction was had, as
required by Section 210 of the Criminal Code, and strange
to say, there is not a word in the record of the trial indi-
cating upon which of the indictments the appellant was
tried, while both of them appear in the transcript of the
judgment roll.    These facts give rise to the only important
questions in the case.    Only one of these need be con-
sidered as the determination of it which seems proper to
us renders a reversal of the judgment appealed from
unavoidable.    The record before us does not show upon
which of the indictments, if upon only one, the trial and
conviction were had.

As the record should only contain the indictment upon
which the appellant was tried in the court below, the
legal deduction from finding the two indictments, in the
records of the case as made up and certified by the proper
officer, is that he was tried on both.    It has been suggested
that this court should presume that the proceedings in
the court below were regular, and that the duplicity in
the record has occurred through the inadvertence or mis-
take of the clerk in making up the judgment roll, of
which the record before is simply a transcript.    But this
judgment roll, although prepared by the clerk, is the
record of the court.    To it alone can we look to ascertain
what the action of the court below was, and upon it deter-
mine whether any error was committed.    The duty of the
clerk in such matters is ministerial undoubtedly, and sub-
ject to the supervision and control of the court.    But his
record is the highest evidence of the judicial action of
the court; it imports variety, and until impeached by the
court itself is conclusive of the matters to which it
relates.    *Schirmer* v. *The People,* 33 Ill. 276.

For every purpose connected with the appeal we must

consider this record as being a faithful memorial of the proceedings in the court below, and cannot entertain the suggestion that there may be a mistake in it, which that court might, from its own knowledge of the actual proceedings before it, on the trial, correct on proper application.

That it would be competent for that court to make such a correction at any time, where no adverse rights have intervened, cannot be doubted. But the answer to the suggestion is that it has not been done, and we cannot assume that it could or would be done, nor look beyond the record actually before us. We are compelled to assume that the duplicity and uncertainty which are shown by the record to have existed in the proceedings on the trial in the court below, did exist in fact, and that no other record of such proceedings could be made, under the circumstances. Upon the state of facts thus disclosed there is manifest error.

Our law will not even permit a defendant to be tried for more than one crime, and that charged in one form only, on the same indictment. (Section 74, Criminal Code.) Much less it would seem would it tolerate his being tried at the same time upon two indictments, charging distinct crimes of a capital nature, as appears by the record to have been done in this case. But assuming that the record is correct, as we are conclusively bound to do, then there is a fatal uncertainty as to the crime of which the appellant was convicted. Who could tell upon the state of facts disclosed by this record, whether the jury intended to find the appellant guilty of murder in the first degree, for the killing of Dave Yatskawa, or for the killing of Pononapa? No conviction, under such circumstances, could be sustained. *Clinton* v. *The State,* 61 Tenn. 507.

The judgment of the court below must be reversed, and a new trial had; and it is so ordered.

JUDGMENT REVERSED.