## THE STATE v. MOLLINEAUX, Appellant.

### Division Two, May 23, 1899.

1. **Criminal Law**: CONTINUANCES: DISCHARGE. It is only when the State is in fault that the defendant can claim his discharge on the ground that there have been two continuances without his having been brought to trial.

2. ———: REFUSED INSTRUCTIONS: OMITTED FROM THE RECORD. A reversal will not be granted because the court refused certain instructions prayed by defendant, if such instructions are not incorporated in the record and the clerk certified that they are not on file in his office.

*Appeal from Bollinger Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

WM. M. MORGAN for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) An examination of the record will disclose but one continuance had at the request of the State. After the indictment was returned there were three continuances had. The first at the instance of the court without the request of either party to the record. Under the circumstances it will be considered as having been made by the court of its own motion on account of not having time to try the same. The second continuance was had at the request of defendant, and as a matter of course could not avail the defendant on a

motion to discharge. The third continuance was the only one had at the instance of the State, which is not sufficient to entitle him to a discharge.    Section 4222, R. S. 1889.    The record shows that defendant had been committed to jail and was not out upon bail, though an attempt for bail was made. State v. Steen, 115 Mo. 474; State v. Nugent, 71 Mo. 136. (2)    An examination of the bill of exceptions will show no incompetent, irrelevant or illegal evidence allowed to go to the jury; nor will it disclose competent, relevant and legal evidence refused on the part of the defendant.    No error was committed in either instance to the detriment and prejudice of the defendant.    (3)    The third cause for new trial was leveled against the instructions given and refused.    The record fails to set out those offered by the defendant and refused by the court.    We, therefore, can not consider them. (4)    This court will not overturn the verdict of the jury on account of improper argument of counsel, unless it appear to be prejudicial to the defendant.    The remarks of associate counsel for the State in this case were not improper or prejudicial to defendant.    State v. Summar, 143 Mo. 221.

GANTT, P. J.—The defendant was indicted for the murder of William C. Yount in Bollinger county on the seventh day of February, 1896.

He was duly arraigned and entered his plea of not guilty.

He was tried and convicted of murder in the second degree, and sentenced to the penitentiary for thirty-five years. He has filed no brief and we have been compelled to read the record in search for the cause of this appeal.

The evidence established that deceased was a merchant at Patton in Bollinger county.    On the afternoon of February 7, 1896, the defendant came into the store and was either intoxicated or simulated that he was.    He said he desired to purchase a dirk knife.    Deceased told him he didn't have

any, but proffered to sell him an ordinary pocket knife. Defendant after much obscene language finally took one and started out without paying for it. Deceased requested him to return the knife or pay for it. Finally a brother of defendant took the knife and returned it to deceased. Defendant then jumped on the counter and began to swear he could beat any man at a game of euchre. Deceased told him he didn't keep a saloon or gambling house, and that he must stop swearing in the store; that his wife was in another portion, and he didn't want her subjected to such conduct. Defendant continued his boisterous conduct until deceased took hold of him and pushed him along to the door and out. At this defendant began to curse and denounce deceased as a coward. Deceased remonstrated with him but he continued until deceased stepped down off the little platform in front of the store and as he did defendant shot him and thus inflicted the wound which resulted in the death of deceased. Deceased grasped defendant and undertook to take the revolver from him, and by the aid of others finally succeeded in doing so. Defendant went to his horse, mounted and fled. He was pursued and captured. In talking with his captor he stated that he had aimed to kill when he shot deceased.

The record discloses that defendant went into the store of deceased, made himself offensive by his obscene and vulgar language; that he obtained a knife on pretense of purchase and started off without paying for it; that his conduct became so offensive that the proprietor was compelled to put him out; that he then cursed and challenged the proprietor until he induced him to step down from his porch and thereupon shot him with a revolver. That the difficulty was altogether unsought by deceased; that he endeavored to placate defendant but was finally betrayed into starting in the direction of defendant by the most insulting epithets.

There was ample evidence from which the jury might

State v. Mollineaux.

well have found that defendant deliberately and premeditatedly sought to engage deceased in the difficulty with the design of slaying him. The jury found him guilty of murder in the second degree and the evidence would have justified a finding of murder in the first degree.

Taking the motion for a new trial as an assignment of errors, we will discuss the several grounds.

I. The motion for a discharge was properly overruled. The record discloses only one application by the State for a continuance. It is only when the State is in fault that the defendant can claim the statutory discharge provided in section 4222, Revised Statutes 1889.

II. We find no incompetent evidence admitted over the objections and exceptions of defendant.

III. The instructions were full, meeting every phase of the evidence and such as have been often fully approved by this court. It is entirely unnecessary to reproduce them.

Something is said about the refusal of certain instructions prayed by defendant, but they are not incorporated in the record and the clerk certifies no such instructions are on file in his office, and the same may be remarked as to the remarks of counsel. The motion for new trial does not contain the alleged improper remarks and hence they can not be reviewed by this court. The verdict being amply supported by the evidence must stand.

The judgment is accordingly affirmed. SHERWOOD and BURGESS, JJ., concur.