Submitted on briefs February 26, affirmed April 1, 1924.

## STATE *v.* AMOS R. LEE.

(224 Pac. 627.)

**Criminal Law—Right to Speedy Hearing Applies to Civil and Criminal Cases Alike.**

1. The right guaranteed by Constitution, Article I, Section 10, and provided for by Article VII, Section 8, for a speedy hearing, applies to civil and criminal cases alike.

**Criminal Law—"Speedy Trial" Defined.**

2. A "speedy trial," to which a defendant in a criminal case is entitled in view of Constitution, Article I, Section 10, and Section 1701, Or. L., is one conducted according to fixed rules, regulations and proceedings of law free from vexatious, capricious and oppressive delay created by the ministers of justice.

**Criminal Law—Continuance of All Cases Until Succeeding Term Due to Lack of Time to Try Them Held Presumably Proper.**

3. Where defendant was indicted for the crime of nonsupport, and neither the state nor defendant requested that the cause be set down for trial, and the court made a general order continuing all cases until the succeeding term for lack of time in which to try them, the presumption is that the continuance was properly ordered.

**Criminal Law—"Good Cause" Under Statute for Postponing Trial of Case Held Shown.**

4. Where a prosecution for the crime of nonsupport was continued by an order of the court, which continued all cases, civil and criminal, because of lack of time on the part of the court to hear and dispose of them, such order constituted "good cause" for a continuance under Section 1701, Or. L., and was not a violation of defendant's right under Constitution, Article I, Section 10, to a speedy trial.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. John A. Jeffrey.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Miss Lida O'Bryon,* Deputy District Attorney.

BROWN, J.—Amos R. Lee was arraigned in the Circuit Court for Multnomah County, Oregon, on the tenth day of November, 1921, upon an indictment accusing him of the crime of nonsupport. To that indictment he entered a plea of not guilty.

1. So far as the court's journal discloses, neither the state nor the defendant requested that the cause be set down for trial, and the court ordered "that this cause be continued for trial to a later date yet to be determined by the court." At that time, upon motion of the district attorney, the defendant was released upon his own recognizance. On March 13, 1922, the case was set for trial on March 20th following. On March 16th the defendant, by his attorney, moved the court to dismiss the indictment, basing his motion upon the provision of the statute reading:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown." Or. L., § 1701.

The showing made by the defendant discloses that a number of days in the terms of court were permitted to pass in which no criminal cases were heard.

The hearing of this cause was regularly continued by the court upon the following order:

"In the Matter of Continuing All Unfinished Business Until the Next Term of Court.

"Now, at this time, it is ordered by the court that all unfinished business, including all cases not tried and disposed of, and including the hearing of all motions for new trials and all matters pertaining thereto that have not been submitted or disposed of by the court at this term of court, be continued until the next regular term of court, because of lack of time on the part of the court to hear and dispose of the same, and that the court stand adjourned without day."

The force of this order is not overcome by anything of record. The law does not give criminal cases the "right of way."

" * * Justice shall be administered * * without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Const., Art. I, § 10.

The right guaranteed by our fundamental law for a "speedy" hearing applies alike to civil and criminal causes. Our Constitution, for the purpose of affording the administration of justice without delay, provides that:

"The Circuit Courts shall be held twice, at least, in each year, in each county organized for judicial purposes * * ." Const., Art. VII, § 8.

2. That the defendant was entitled to a speedy trial, within the meaning of the Constitution and the statute, we all agree.

It is said in a note by Freeman, 41 Am. Dec. 604, that:

"The right of all persons held on a criminal charge, to a speedy and impartial trial, has been guaranteed from the earliest times to the English people, first by the Magna Charta and the petition of rights, and enforced by statutes allowing a certain time within which the trial should come off * * . The same right has been declared in most of the constitutions of the American states, and also in the sixth amendment to the federal constitution."

A "speedy trial" is one conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays created by the ministers of justice: *Nixon* v. *State,* 2 *Smedes & M.* 497 (41 Am. Dec. 601).

The intention of statutes requiring the discharge of prisoners when not brought to trial within the limitation fixed by statute, without reasonable cause for delay, is to carry out the constitutional provision guaranteeing that justice shall be administered without delay by affording the defendant a "speedy trial." Uniform rules have been enacted by the legislatures in most, if not all, of the states, providing that the defendant may be discharged from custody if not put upon trial within a given time. It is provided by statute in California that in the absence of good cause shown to the contrary, the defendant shall be dismissed if not placed upon trial within sixty days after the filing of the indictment or information. In Massachusetts the trial shall be within six months after the time the defendant is imprisoned: *Glover's Case,* 109 Mass. 340. In *Kibler* v. *Commonwealth,* 94 Va. 804 (26 S. E. 858), the court quotes the statute of Virginia to the effect that one accused of a felony—

"shall be forever discharged from prosecution for the offense if there be three regular terms of the

circuit, or four of the county, corporation, or hustings courts in which the case is pending, after he is so held without a trial,''

unless for good cause shown.

In the case at bar we have seen that the court made a general order continuing all cases until the succeeding term, for lack of time in which to try them. The presumption is that the continuance was properly ordered: *Johnson* v. *State,* 42 Ohio, 207; *State* v. *Mollineaux,* 149 Mo. 646 (51 S. W. 462); *Nichols* v. *Commonwealth,* 91 Va. 741 (21 S. E. 364).

3. In the case of *Ex parte Larkin,* 11 Nev. 90, 95, the court, by HAWLEY, C. J., after stating the principle that every defendant held on a criminal charge is entitled to a speedy trial which should not be denied him, proceeds to say:

''But it does not necessarily follow that such trials are to be held regardless of the public condition of affairs that exists where the court is held. Ordinarily, the defendant is entitled to his trial as soon as it can properly be reached in its regular order upon the calendar, and the prosecution has had a reasonable time to prepare for the trial; but unforeseen events are liable to occur, making it absolutely necessary for a court to continue cases, even on its own motion; and whenever such events do occur, and the necessity for such order is clearly apparent, its power to so continue the case is undoubted.''

To like effect, see *State* v. *Hecht,* 90 Kan. 802, 805 (136 Pac. 251).

It is said by the editors of Ruling Case Law that:

''A delay made necessary by the usual and ordinary procedure provided by law in criminal cases is, of course, permissible. * * Some events are not unlikely to occur, making it absolutely necessary for a court to continue cases, even on its own motion;

and whenever such events do occur and the necessity for such order is clearly apparent, its power—at least in most states—so to continue the case is undoubted. Instances of such events are, want of time during the remainder of a term to try the case on its merits; or the engagement of the judge in the trial of other cases, which extend beyond the time limited by law for holding the court * * ." 8 R. C. L., p. 72, § 26.

"A defendant's constitutional right to a speedy trial is not contravened by continuances in the discretion of the presiding judge; by hearing civil cases in advance of criminal cases, in the absence of a statute prohibiting it; by hearing another case having precedence over that of the accused; by delay occasioned by want of time to try the case; by accumulation of business rendering trial impossible; * * or by other unavoidable circumstances." 16 C. J. 445, 446.

To similar effect is the doctrine announced by this court in the cases of *State* v. *Bertschinger*, 93 Or. 404 (177 Pac. 63); *State* v. *Bateham*, 94 Or. 524 (186 Pac. 5).

4. The discretion vested by law in the trial court has not been abused. The order of the court continued all cases, civil and criminal, "because of lack of time on the part of the court to hear and dispose of the same." The verity of this order has not been overthrown.

Under the facts in this case, the court's order constitutes "good cause," within the meaning of Section 1701, Or. L.

The judgment of the lower court is affirmed.

AFFIRMED.