Argued March 12, affirmed April 15, rehearing denied May 20, 1924.

## STATE v. ALEX GOLDSTEIN AND HARRY GOLDSTEIN.

(224 Pac. 1087.)

Criminal Law—Defendant not Entitled to Dismissal Because not Brought to Trial at Term in Which Indictment Found—"Good Cause."

1. Defendant was not entitled to a dismissal of indictment because not brought to trial at the next term of court in which the indictment was found, where the court at the close of the term made an entry continuing all cases, civil and criminal, until the next term, stating as a reason that the criminal docket was so congested, that it was impossible to try further cases in the instant term; such entry constituting "good cause" for postponement of trial under Section 1701, Or. L.

Courts—Record Made by Court of General Jurisdiction Presumed to be a Verity.

2. The record made by court of general jurisdiction is presumed to be a verity.

Arrest—Criminal Law—Searches and Seizures—Officers Might Search Arrested Person and His Shop, and Alleged Stolen Goods Seized Without a Search-warrant were Admissible.

3. In a prosecution for receiving stolen goods, the court did not err in admitting in evidence the goods alleged to have been stolen and other goods taken from other parties because they had been seized without a search-warrant, since the officers making the arrest had a right under the city ordinance to enter the second-hand shop of defendant and to take possession of the goods; a search of a person taken and the place where he is captured for incriminating evidence being lawful incidents of an arrest.

Criminal Law—Court will not Inquire into Manner in Which Evidence was Obtained Where Goods Unlawfully Seized were Stolen.

4. Where, in a prosecution for receiving stolen goods, even if it appears that the officers making the arrest have seized the property without a search-warrant and unlawfully, the court will not inquire into the manner in which the evidence was obtained, where the goods so seized were stolen and not the property of defendant.

Criminal Law—Application for Return of Goods Seized Unlawfully Held Too Late After Jury Impaneled.

5. In a prosecution for receiving stolen goods, in which the officers making the arrest seized the alleged stolen goods without a search-warrant, and the application for the return of the goods was not made until the jury had been impaneled, even if proper, it came too late, since defendant was aware of their seizure several weeks before trial.

Criminal Law—Testimony Identifying Stolen Goods Sold to Defendant in Prosecution for Receiving Stolen Goods Held Admissible, as Bearing upon Question of Intent in Purchasing.

6. In a prosecution for receiving stolen goods, testimony of several witnesses who identified other goods stolen by the same parties and sold by them to defendant was admissible, as bearing upon the question of intent in purchasing the property, especially since it tended to support the contention that here was a fixed plan to receive stolen property with knowledge that it had been feloniously obtained.

From Multnomah: H. H. BELT, Judge.

Department 2.

The defendants Alex Goldstein and Harry Goldstein were arrested by the police of the City of Portland on or about the tenth day of March, 1920,

---

3. Right to search person and habitation of one under arrest for crime, see notes in 3 **Ann. Cas.** 354; 101 **Am. St. Rep.** 328.

on a charge of buying, receiving and concealing stolen property, knowing or having reason to believe the same to be stolen. On the thirtieth day of April, 1920, they were indicted by the grand jury of Multnomah County for such offense and upon a plea of not guilty the defendant Alex Goldstein was convicted; the court ordering the dismissal of the case as against Harry Goldstein. The defendant Alex Goldstein appealed from his conviction.

The points raised and discussed in the brief upon this appeal will be stated and considered separately in the opinion.    AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Dan E. Powers* and *Mr. Guy L. Wallace,* with oral arguments by *Mr. Powers* and *Mr. M. E. Crumpacker.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. George Mowry,* Deputy District Attorney.

McBRIDE, C. J.—1, 2. The first error alleged was the refusal of the court to dismiss the indictment for the reason that the case had not been brought to trial at the next term of court in which the indictment was found. This objection is predicated upon Section 1701, Or. L., which reads as follows:

"§ 1701. Dismissal of the Action When not Brought to Trial at Next Term After Indictment Found. If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment

to be dismissed, unless good cause to the contrary be shown.''

It appears from the record that at the close of the term of court in which defendants were indicted the court made an entry continuing all cases, civil and criminal, until the next term of court; stating as a reason that the criminal docket was so congested that it was impossible to try further cases at the instant term. That portion of the order which applies to the matter in controversy is as follows:

"Now at this time it is ordered by the court that all unfinished business, including all cases not tried and disposed of, * * be continued until the next regular term of court, because of the lack of time on the part of the court to hear and dispose of the same, and that the court stand adjourned without day."

In the absence of any showing to the contrary, and there is none, we assume that this record, made by a court of general jurisdiction, is a verity; and such entry has been held to be sufficient: *State* v. *Bertschinger,* 93 Or. 404 (177 Pac. 63).

3, 4. The next objection is that the court unlawfully admitted in evidence the goods alleged to have been stolen and other goods taken from other parties; the ground of this objection being that there was an unlawful seizure of the goods without a search-warrant. The officers, as they had a right to do under the ordinances of the city, entered the second-hand shop of the defendant Alex Goldstein, took possession of the goods, arrested the defendant and took him before the police court. There is a great deal of discussion going around about what constitutes an unlawful search and seizure, but, as applied to a case of this kind, it is wholly irrelevant. Search of a person taken and of the place where he is captured for incriminating evidence are lawful incidents of

an arrest and, even if the officers had seized the property without a search-warrant and unlawfully, it is clear from the testimony in this case that the goods so seized were stolen and not the property of the defendant; and the court, under such circumstances, will not turn aside and inquire into the manner in which the evidence was obtained. This case presents an entirely different proposition from those cases cited by counsel, where, in the absence of the defendant and without any search-warrant, his premises had been searched and his own books and papers seized for the purpose of being used in evidence against him; and even in these cases the courts have not been inclined to exclude the papers and property so seized from being used as evidence unless timely application for their return has been made before the trial, or, in one extreme case, at the trial where the defendant had no previous knowledge of their having been unlawfully taken. But the general rule is as before stated and is supported by the following, among other authorities: *State* v. *Ware,* 79 Or. 367 (154 Pac. 905, 155 Pac. 364); *People* v. *Kalnin,* 189 N. Y. Supp. 359; *Smith* v. *Jerome,* 47 Misc. Rep. 22 (93 N. Y. Supp. 202); *Weeks* v. *United States,* 232 U. S. 383 (Ann. Cas. 1915C, 1177, L. R. A. 1915B, 834, 58 L. Ed. 652, 34 Sup. Ct. Rep. 341, see, also, Rose's U. S. Notes).

5. The application for the return of the goods was not made until the jury had been impaneled in the case, and under the circumstances, even if otherwise proper, it came too late, as the defendant was evidently aware of their seizure several weeks before the trial occurred.

6. The next assignments of error are directed to the refusal of the court to strike out the testimony of

111 Or.—15

several witnesses who identified other goods stolen by the same parties and sold by them to this defendant. The two thieves who sold the goods to the defendant, testified to having stolen these goods from the various parties who identified them, and to having sold them to Alex Goldstein under a general arrangement that he would take whatever they brought to him and act as a fence for them in case there was any trouble. While evidence of other crimes, as a rule, is not admissible, there is an exception in the case of persons indicted for receiving stolen property; the rule being that such testimony is admissible as bearing upon the question of intent in purchasing the property. This is especially true where the evidence tends to support the contention that there was a fixed plan to receive stolen property with' knowledge that it had been feloniously obtained. See the following authorities: *State* v. *Start,* 65 Or. 178, 184 (132 Pac. 512, 46 L. R. A. (N. S.) 266); *People* v. *Doty,* 175 N. Y. 164 (67 N. E. 303); *Copperman* v. *People,* 56 N. Y. 591; *State* v. *Feuerhaken,* 96 Iowa, 299 (65 N. W. 299); *State* v. *Ward,* 49 Conn. 429; *Shriedley* v. *State,* 23 Ohio St. 130; *Devoto* v. *Commonwealth,* 3 Met. (Ky.) 417; *State* v. *Habib,* 18 R. I. 558 (30 Atl. 462); *Harwell* v. *State,* 22 Tex. App. 251 (2 S. W. 606); *Kilrow* v. *Commonwealth,* 89 Pa. St. 480.

Examining the whole case, we find no reversible error, and the conviction is therefore affirmed.

Affirmed. Rehearing Denied.

Bean and Brown, JJ., concur.

McCourt, J., sat but took no part in the decision of this case.