Argued March 12, affirmed April 15, rehearing denied May 27, 1924.

## STATE v. HARRY GOLDSTEIN AND ALEX GOLDSTEIN.

### (224 Pac. 1087.)

**Receiving Stolen Goods—Indictment Charging the Stolen Property in the Name of Carrier Held Sufficient.**

An indictment for receiving stolen goods, which charged the property alleged to have been stolen and sold to defendant in the name of carrier in whose care it was in transit to consignee was sufficient, since the property may be laid in the carrier from whose custody it was taken, or in the name of the true owner.

From Multnomah: G. W. PHELPS, Judge.

Department 2.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Dan E. Powers* and *Mr. Guy L. Wallace,* with

---

Admissibility in evidence against defendant of documents or articles taken from him, see notes in 59 L. R. A. 466; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

Evidence of other crimes in prosecution for receiving stolen property, see notes in 62 L. R. A. 269; L. R. A. 1917, 388.

See 5 C. J., pp. 434, 436; 15 C. J., p. 979; 16 C. J., pp. 445, 567, 570, 610; 35 Cyc., p. 1268 (1925 Anno.), 1271, 1274.

See 34 Cyc., p. 521 (1925 Anno.).

oral arguments by *Mr. Powers* and *Mr. M. E. Crumpacker*.

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. George Mowry.*

McBRIDE, C. J.—The defendants were indicted by the grand jury of Multnomah County on the thirtieth day of April, 1920, for the crime of buying, receiving and concealing stolen property, knowing and having good reason to believe the same to be stolen.

This case involves practically the same questions decided in the case of *State* v. *Goldstein* (Or.), 224 Pac. 1087, in which an opinion was this day handed down, and the holdings in that case apply to all the questions raised in this, excepting it was contended in this case that the indictment should have charged the property in the name of the true owner, whereas it charges it in the name of the Oregon-Washington Railroad & Navigation Company, in whose care it was in transit to the consignee in Portland. The indictment was sufficient in this respect; it being the rule that under such circumstances the property may be laid in the carrier from whose custody it was taken, or in the name of the true owner: *State* v. *Smith,* 250 Mo. 350, 365 (157 S. W. 319); *State* v. *Lackey,* 230 Mo. 707, 714, 715 (132 S. W. 602); *Commonwealth* v. *Finn,* 108 Mass. 466; 3 Greenleaf on Evidence (15 ed.), § 161.

It is also claimed that there is no evidence that the goods charged to have been the subject of the larceny were stolen; but there was very strong evidence tending to their identification. In fact, there can be no doubt, upon the testimony submitted, that they were

stolen by the parties who sold them to the defend-
ants and that the defendants received them, having
good reason to believe that they had been stolen.

The verdict of the jury has found against them
in all these particulars and there is no good reason
why it should be disturbed. The judgment of the
Circuit Court is affirmed.

AFFIRMED.  REHEARING DENIED.

BEAN, BROWN and McCOURT, JJ., concur.