Argued May 24; affirmed July 12, 1932

# STATE *v.* MOLTZNER

(13 P. (2d) 347)

*John Kaste* and *Hy Samuels,* both of Portland (C. W. Robison and James L. Conley, both of Portland, on the brief), for appellant.

*Barnett H. Goldstein,* of Portland (Lotus L. Langley, District Attorney, and Ben H. Conn, Deputy District Attorney, both of Portland, on the brief), for the State.

KELLY, J. On the 24th day of November, 1931, the defendant J. S. Moltzner filed a motion for an order dismissing four indictments, Nos. C-16677, C-16678, C-16680, and C-16679, each charging defendants with having committed the crime of unlawfully loaning the funds of a building and loan association without security, "on the ground and for the reason that the said indictments have not been tried within the next term of court as by law provided."

On the 30th day of November, A. D. 1931, an entry as follows was made by the circuit court of Multnomah county, Oregon:

"In the circuit court of the state of Oregon for the County of Multnomah.

"The State of Oregon,   Plaintiff   No. C-16677
        vs.                            C-16678
"Jay S. Moltzner, and                C-16679
  Earl E. Fitzwater,   Defendants   C-16680
"Order Denying Motion for Dismissal.

Nov 30 1931

"The motion of the defendant, Jay S. Moltzner, for an order dismissing the indictments in the above entitled court and cause, came on regularly for hearing

before the court on November 30, 1931, the plaintiff appearing by Ben H. Conn, Deputy District Attorney, and the defendant, Jay S. Moltzner, appearing in person and with his attorney, C. W. Robison; and

"It appearing to the court that good cause has been shown by the state why said indictments should not be dismissed, and the court being now fully advised in the premises,

"It is Therefore Hereby Ordered that the motion of the defendant, Jay S. Moltzner, for an order dismissing the four indictments in the above entitled court and cause, Nos. C-16677, C-16678, C-16679 and C-16680, be, and the same hereby is denied.

"Given in open court this 30th day of November, 1931.

"W. A. Ekwall<br>
"Judge."

On the 21st day of December, 1931, said defendant filed another motion to dismiss said four indictments.

On said 21st day of December, 1931, an entry was made by said circuit court as follows:

"In the circuit court of the state of Oregon for the County of Multnomah.

"State of Oregon,    Plaintiff,    Nos. C-16677
       vs.                                           C-16678
"Jay S. Moltzner and                     C-16679
    Earl E. Fitzwater,    Defendants.    C-16680

Order.              Dec 21 1931

"This matter coming on to be heard upon motion of C. W. Robison, attorney for defendant, and the defendant, Jay S. Moltzner, in person; the district attorney being represented by Ben H. Conn, and the court being advised in the premises,

"It is Hereby Ordered, Adjudged and Decreed that the motion for dismissal be, and the same is hereby denied.

"Dated this 21st day of December, 1931.

"W. A. Ekwall<br>
"Presiding Judge."

Neither the defendant nor the state moved to have these four criminal cases consolidated. No order of consolidation was made. It is unnecessary, therefore, to determine whether a consolidation thereof would have been proper. In *State v. Gilbert,* 55 Or. 596 (112 P. 436), it is said:

"Our law will not even permit a defendant to be tried for more than one crime, and that charged in one form only, on the same indictment. * * * Much less it would seem, would it tolerate his being tried at the same time upon two indictments," etc.

The authorities are not harmonious upon the question of whether, in the absence of statutory authority, two or more criminal cases may be consolidated: *Davis v. State,* 118 Ark. 31 (175 S. W. 1168); *Commonwealth v. Valotta,* 279 Pa. 84 (123 Atl. 681); *United States ex rel. Valotta v. Ashe,* 2 F. (2d) 735; *Ashe v. United States ex rel. Valotta,* 270 U. S. 424 (46 S. Ct. 333, 70 L. Ed. 662); *Lucas v. State,* 144 Ala. 63 (39 So. 821, 3 L. R. A. (N. S.) 412), and case note.

In civil cases, where the right to consolidate is unquestioned, in the absence of actual consolidation, the general rule is that in order to appeal four cases there must be four notices of appeal: *Mobile Improvement and Building Company v. Stein,* 158 Ala. 113 (48 So. 368, 17 Ann. Cas. 288), and note. 3 C. J. Appeal and Error, p. 355, § 109. In the case at bar, there is but one notice of appeal which is as follows:

"In the circuit court of the state of Oregon for the County of Multnomah.

| | | |
|---|---|---|
| "State of Oregon, | Plaintiff, | Nos. C-16677 |
| vs. | | C-16678 |
| "Earl E. Fitzwater and | | C-16679 |
| Jay S. Moltzner, | Defendants. | C-16680 |

### Notice of Appeal.

"To the Honorable Lotus L. Langley, District Attorney for the Fourth Judicial District of the County of Multnomah, State of Oregon, Attorney for the State of Oregon, and A. A. Bailey, Clerk of the Circuit Court of the County of Multnomah, State of Oregon, and to each of you:

"Notice is hereby given that the above named defendant, Jay S. Moltzner, for himself and by his attorney, C. W. Robison, does hereby appeal to the Supreme Court of the State of Oregon from the proceedings and order had and made against him in the above entitled court and cause, and more particularly from that certain order dated the 21st day of December, 1931, by the terms of which order the motion heretofore made by this defendant, Jay S. Moltzner, to dismiss the indictments in the within entitled criminal actions, was denied.

"Dated this 22d day of December, 1931.

"C. W. Robison
"Attorney for Jay S. Moltzner.
"Defendant."

"J. S. Moltzner
Defendant.

An examination of the four transcripts on file herein discloses that the motions of defendant for an immediate trial, the motions for dismissal and the orders denying said motions, are in but one of such transcripts. The orders from which this appeal is taken and more particularly "that certain order dated the 21st day of December, 1931, by the terms of which order the motion heretofore made by this defendant, Jay S. Moltzner, to dismiss the indictments in the within entitled criminal actions, was denied," were made only in case No. C-16677. These orders appear nowhere in the transcripts of cases numbered C-16678, C-16679, or C-16680.

Waiving, without approving, the irregularity of attempting to combine four separate cases in one appeal, without any order of consolidation having been made, we assume jurisdiction on this appeal of case No. 16677; and, in so far as this appeal is concerned, we decline to assume jurisdiction of the cases numbered C-16678, C-16679 and C-16680, or either of them.

Section 13-1602, Oregon Code 1930, provides:

''If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown.''

The indictment in the case at bar was returned on the 13th day of August, 1931. In Multnomah county there are ten terms of the circuit court annually, beginning on the first Monday of the months of January, February, March, April, May, June, September, October, November and December, respectively: Section 28-904, Oregon Code 1930. The appealing defendant was arraigned on the 29th day of August, 1931, and it was ordered that the cause be continued until September 1, 1931, at which time defendants should further move or plead therein. On September 14, 1931, the cause was continued until September 18, 1931, at which time said defendants should further move or plead therein.

On September 21, 1931, defendants entered pleas of not guilty, and the case was continued for trial to a later date yet to be determined by the court.

On November 17, 1931, defendant, Moltzner, filed a motion for an order of immediate trial.

On November 20, 1931, the affidavit of Mr. Ben H. Conn, deputy district attorney, was filed, setting

forth that it was material and necessary in preparing for the trial of said defendant upon said indictment to secure a complete audit of the books, records and accounts of the Guardian Building & Loan Association, that such audit, as affiant was informed, would be completed within the following two or three weeks; that at the time of the arraignment and plea of defendant, Moltzner, he stated that his attorney was Frank J. Lonergan and that thereafter affiant was requested by Mr. Lonergan, through his associate, Mr. Crounse, to permit him in the preparation for his defense to likewise make an audit of said books and records and that affiant agreed to do so upon the completion of the audit being made at the request of the state; that on November 16, 1931, for the first time affiant was advised that defendant, Moltzner, had changed his attorneys, and that Mr. C. W. Robison was acting in that capacity.

Defendant, Moltzner, also filed an affidavit on said 20th day of November, 1931, wherein he disclaimed having agreed to a stipulation allowing any person, layman or lawyer to continue this case; but did not deny the facts stated in said Conn's affidavit as above outlined.

On the 24th day of November, 1931, an order of the court was made and entered, which, omitting the title, is as follows:

"The motion of the defendant, Jay S. Moltzner, for an order for an immediate trial of each or any of the indictments in the above entitled causes came on regularly for hearing before the court on November 20, 1931, plaintiff appearing by Barnett H. Goldstein, representing the corporation commissioner, and Ben H. Conn, deputy district attorney, and the defendant, Jay S. Moltzner, appearing in person and with his attorney

C. W. Robison; and it appearing to the court, and the court finds that in the preparation for and trial of the indictments herein it is material and necessary to secure a complete audit of the books, records and accounts of the Guardian Building and Loan Association, which said audit has been in preparation since the return of the indictments herein, and has not been completed and that Arthur Berridge, the auditor engaged on behalf of the state, advises that said audit will be completed in about three weeks; that the trial of each of said causes will involve an examination of long accounts and will require several days for trial, and will also require several days of preparation for trial; that about two weeks will be required for the trial hereof; and after considering the affidavits on file herein, and now being fully advised in the premises.

"It is therefore hereby ordered that January 4, 1932, be and the same hereby is fixed as the date for the trial of the defendant, Jay S. Moltzner, on such indictment herein as the state may elect or choose.

"Done in open court this 24 day of November, 1931.

"W. A. Ekwall
"Judge."

On said 24th day of November, 1931, defendant Moltzner filed the motion first herein mentioned. The transcript, as amended, contains the oral arguments of counsel for the defense and for the state upon this motion. The state contended that in order properly to prepare and present the case an audit was necessary; that owing to the suggestion of the attorneys to whom defendant first referred as being the attorney who would represent him, to the effect that the defense desired an audit also, the state had deferred, in order to comply with such suggestion and that such audit would be completed about the middle of December.

As stated, on the 20th day of November, 1931, said motion for dismissal was denied.

Immediately after the ruling of the court on said motion had been announced, counsel for defense stated:

"Now, your Honor, it is my intention immediately to file a duplicate of this motion in the December term of court and take your Honor's order as the final order."

As stated, on December 21, 1931, another motion to dismiss was filed by said defendant and denied by the court.

The amended transcript discloses that at the close of each term held subsequently to the return of the indictment herein until the appeal hereof, an order was entered continuing all unfinished business because of lack of time on the part of the court to hear and dispose of the same.

■ It is contended by defendant that good cause for not dismissing the indictment herein has not been shown. We are unable to concur in this view.

Affidavits were displayed by counsel for defendant at the argument of this case to the effect that the orders of continuance made at the close of each term, as aforesaid, were entered pursuant to a practice which had prevailed for many years and that no judge had informed affiants that such order had been made. This is entirely insufficient to impeach the record of the court. In order to be controlling, such impeachment must be made by the court itself.

■ The character of the case supports the state's contention that the audit in question was essential to a proper presentation of the facts. The course of the district attorney in deferring to the suggestion of an attorney who had been consulted by defendant that such attorney desired an audit for use in the defense

of the case is a course which should be commended. The district attorney could not be charged with the result of defendant seeking other counsel, nor should that action of the defendant deprive the state of a reasonable opportunity for proper presentation of its case.

The statement, that lack of time on the part of the court required a continuance of the unfinished business, is in itself good cause for not dismissing pending indictments: *State v. Bertschinger,* 93 Or. 404 (177 P. 63) ; *State v. Lee,* 110 Or. 682, 687 (224 P. 627) ; *State v. Bateham,* 94 Or. 524 (186 P. 5) ; *State v. Goldstein et al.,* 111 Or. 221 (224 P. 1087). If such a statement, appearing as it does in the journal of the court, is false, or was inserted without authority, application to correct the entry should have been made to the circuit court. In the absence of any order expunging it, we are bound by it. "Until impeached by the court, itself, it imports verity." *State v. Gilbert,* supra; *Ex parte Jerman,* 57 Or. 387, 402 (112 P. 416, Ann. Cas. 1913A, 149), and cases there cited; *Ollschlager's Estate,* 50 Or. 55 (89 P. 1049). Elliott's Appellate Procedure, § 186.

For these reasons, the order of the circuit court, denying defendant's motion for a dismissal in case No. C-16677, is affirmed.

RAND, J., did not participate in this opinion.