Argued April 15; affirmed April 21; rehearing denied
May 26, 1936

STATE *v.* WEITZEL ET AL.

(56 P. (2d) 1111)

*Henry S. Westbrook,* of Portland, for appellants.

*T. B. Handley,* Deputy District Attorney, of Portland (James R. Bain, District Attorney, and John R. Collier and Olive Zimmerman, Deputy District Attorneys, all of Portland, on the brief), for the State.

BEAN, J. This is an appeal from an order denying a motion to dismiss indictment No. C-20181 in the circuit court of the state of Oregon for Multnomah county.

On August 14, 1935, an indictment was returned against the two defendants, George Weitzel and John Sauer, and two others, charging the defendants with a crime against nature. Each entered a plea of not guilty. There was also another indictment against the same parties, which the state elected to try first. At the request of these two defendants, through their attorney and because of his illness, the cases against the defendants were not set for trial in September, 1935. The terms of the circuit court in Multnomah county are held monthly for ten months in the year. The cases were not set for trial during the month of October, nor during the month of November, nor during the month of December, 1935. The court continued the case from term to term regularly and timely made an order which was entered in the circuit court journal, which, omitting the caption and dates, is as follows:

"Now at this time it is Ordered by the Court that all unfinished business, including all cases not tried and disposed of, and also including the hearing of all motions for new trials, and all other matters pertaining thereto which have not been submitted or disposed of by the Court at this term of Court, be continued until the next regular term of Court, because of lack of time on the part of the Court to hear and dispose of the same and that the Court stand adjourned without day."

Section 13-1602, Oregon Code 1930, provides:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown."

Upon notice to these defendants, the case, indictment No. C-20181, was set for trial January 21, 1936. On January 16, 1936, counsel for defendants Weitzel

and Sauer interposed a motion to dismiss the indictment No. C-20181, for the reason that the case was not tried at the next term after the finding of the indictment, nor at the October, nor at the November, nor at the December, 1935, terms, "and without any motion, application or order continuing said case for trial under said indictment, and without the request, stipulation and consent of said defendants, and each of them."

A counter-affidavit was made and filed by T. B. Handley, chief criminal deputy district attorney, on January 20, 1936, in which reference is made to orders bearing dates of October 5, November 2, November 30, 1935, and January 4, 1936, that were entered in the circuit court criminal journal, of which the order quoted above is a copy, continuing all cases not tried and disposed of until the next regular term of court because of lack of time on the part of the court to hear and dispose of the same. The court denied the motion for dismissal.

■ It is the contention of defendants that the orders continuing the case from one term to another were not sufficient to preserve the jurisdiction of the court. Lack of time on the part of the circuit court to hear the case against the defendants, and to dispose of unfinished business, is good cause for not dismissing the indictment against the defendants. This question is settled and foreclosed by the following cases: *State v. Chadwick,* 150 Or. 645 (47 (2d) 232); *State v. Moltzner,* 140 Or. 128 (13 P. (2d) 347); *State v. Goldstein,* 111 Or. 221 (224 P. 1087); *State v. Lee,* 110 Or. 682 (224 P. 627); *State v. Bateham,* 94 Or. 524 (186 P. 5); *State v. Bertschinger,* 93 Or. 404 (177 P. 63). And it is not requisite that any additional or different reason be given.

■ It is a well-settled rule that an order appearing in the journal of the court is taken by this court as an absolute verity: *State v. Moltzner,* supra; *State v. Gilbert,* 55 Or. 596 (112 P. 436); *Ollschlager's Estate,* 50 Or. 55 (89 P. 1049).

■ Counsel for defendants referred to section 13-905, Oregon Code 1930, which reads as follows:

"When an indictment is at issue upon a question of fact, and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant, or the statement of the district attorney, direct the trial to be postponed to another day in the same term, or to another term; and all affidavits or papers read on either side upon the application must be first filed with the clerk."

It is clear that the statute was never intended to divest the circuit court of jurisdiction to try a criminal case at a subsequent term when the court did not have time to hear such case at the prior term, and for that reason at the end of the term continued all cases until the next term.

In the present case, like most of those that have been cited, good cause was shown for the continuance.

The judgment of the circuit court is affirmed.

CAMPBELL, C. J., RAND and BAILEY, JJ., concur.