Argued January 11; affirmed January 23; rehearing denied
February 14, 1940

## STATE *v.* GERMAN

(98 P. (2d) 6)

Department 1.

*S. J. Bischoff,* of Portland (Bischoff & Bischoff and
George W. Mead, all of Portland, on the brief), for
appellant.

*A. M. Hodler* and *Frank Sever*, Deputy District Attorneys, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondent.

BEAN, J. The defendant, Frank M. German, was indicted by the Multnomah County grand jury during the April term, 1937, in the following cases: Nos. C-21099, C-21100, C-21101, C-21102, C-21103, C-21104, C-21105, C-21106, C-21248, C-21370, C-21371, C-21372 and C-21373.

On May 22, 1937, defendant pleaded not guilty to each of the indictments. During the October term, 1937, defendant Frank M. German was tried on case No. C-21105. The jury returned a verdict of guilty and by order of the circuit court entered during the November term, 1937, a new trial was granted to defendant. During the February term, 1938, the defendant Frank M. German was tried before said court under indictment No. C-21371 and found guilty by the verdict of the jury and judgment was entered thereupon during said term. Thereafter said defendant appealed to the Supreme Court of the state of Oregon and said case was reversed and remanded for a new trial. On May 9, 1939, said case was regularly set for trial at the June term, 1938, but upon motion of defendant Frank M. German was continued to the September term, 1939, and was then tried during said September term, 1939, which trial resulted in a disagreement of the jury. The same questions of law raised during the trial of the case under indictment No. C-21371 were and would be involved in the trial of the cases under all, or most, of said indictments, and said questions of law were involved in the appeal of the case and were considered and passed upon by the Supreme Court in its opinion rendered in *State v.*

*German,* (162 Or. 166) 90 P. (2d) 185, decided May 9, 1939.

On September 29, 1939, defendant filed a motion to dismiss each of said indictments upon the ground that the cause was not brought to trial at the next term of court in which the indictment was triable, after the indictment was found.

Section 13-905, Oregon Code 1930, reads as follows:

"When an indictment is at issue upon a question of fact, and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant, or the statement of the district attorney, direct the trial to be postponed to another day in the same term, or to another term; and all affidavits or papers read on either side upon the application must be first filed with the clerk."

The state, as a cause for continuing said cases, by affidavit of the deputy district attorney, showed that on the last day of each and every term the court continued the cases from term to term, and regularly and timely made an order which was entered in the circuit court as follows:

"Now, at this time, it is ordered by the court that all unfinished business including all cases not tried and disposed of, and also including the hearing of all motions for new trials and all other matters pertaining thereto which have not been submitted or disposed of by the court at this term of court be continued until the next regular term of court because of the lack of time on the part of the court to hear and dispose of the same and that the courts stand adjourned without day."

■ The court denied the motion to dismiss and defendant appealed. Defendant did not, at any time since the indictment was returned, apply for a continuance of the trial of these indictments nor did defendant at any time consent to a continuance of a trial of said

causes. An affidavit was filed on behalf of defendant attempting to show that the court might have tried the cases and to avoid the effect of the several orders of continuance above mentioned. No direct attack has ever been made against the validity of these orders, and we do not think that the order continuing any case could be attacked collaterally. The order above quoted, appearing in the journal, was signed and approved in open court by the presiding judge at the end of each term.

■ It is a well-settled rule that an order appearing in the journal of the court is taken by this court as an absolute verity. *State v. Moltzner,* 140 Or. 128, 13 P. (2d) 347; *State v. Gilbert,* 55 Or. 596, 112 P. 436; *Ex Parte Jerman,* 57 Or. 387, 112 P. 416, Ann. Cas. 1913A, 149; *Ollschlager's Estate,* 50 Or. 55, 89 P. 1049; *State v. Weitzel,* 153 Or. 524, 56 P. (2d) 1111.

■ Lack of time on the part of the court to hear and dispose of unfinished business is good cause for not disposing of pending indictments. *State v. Moltzner,* supra; *State v. Goldstein,* 111 Or. 221, 224 P. 1087; *State v. Lee,* 110 Or. 682, 224 P. 627; *State v. Bateham,* 94 Or. 524, 186 P. 5; *State v. Bertschinger,* 93 Or. 404, 177 P. 63; *State v. Chadwick,* 150, Or. 645, 47 P. (2d) 232; *State v. Weitzel,* supra. The question involved is settled and foreclosed by the cases above cited.

■ Counsel for defendant urges that the district attorney never set any of these cases for trial. If the trial court had no time to try the cases it would have been a vain thing to have set them for trial.

■ The facts and the record in these cases show that good cause existed for not proceeding with these indictments, and the judgment of the circuit court is affirmed.

RAND, C. J., and KELLY and BELT, JJ., concur.