Argued January 23, affirmed March 13, 1957

# STATE OF OREGON *v.* ELLISON
### 307 P. 2d 1050

*Edward C. Kelly,* Medford, argued the cause and filed briefs for appellant.

*A. Allan Franzke,* Deputy District Attorney, Medford, argued the cause for respondent. With him on the brief was Walter D. Nunley, District Attorney, Medford.

KESTER, J.

The defendant, Arthur William Ellison, was indicted by the grand jury of Jackson county for the crime of "Contributing to the Delinquency of a Minor." Defendant moved to dismiss the indictment under ORS 134.120 on the basis that he was not brought to trial in the next term of court after the indictment was found.* The motion was denied, and this appeal is from the denial of that motion.†

The chronology of the case was as follows:

| | |
|---|---|
| December 9, 1955 | Indictment found and returned into court. |
| December 12, 1955 | Defendant arraigned and given to December 19, 1955, in which to plead; released on bail. |

---

\* ORS 134.120. "If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

† ORS 138.040. "The defendant may take an appeal to the Supreme Court from a judgment on a conviction in a circuit court or from an order refusing to dismiss the indictment, as provided in ORS 134.120; and upon an appeal, any decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed in ORS 137.190, may be reviewed."

| | | |
|---|---|---|
| December 17, 1955 | Defendant demurred to indictment. |
| January 12, 1956 | Demurrer overruled; defendant given to January 17, 1956, in which to plead. |
| January 14, 1956 | Order entered continuing all cases to the next (January) term of court. |
| January 16, 1956 | January term of court began. |
| January 17, 1956 | Defendant entered plea of "not guilty." |
| April 14, 1956 | Order entered continuing all cases to the next (April) term of court. |
| April 16, 1956 | April term of court began. |
| July 12, 1956 | At commencement of trial, motion filed to dismiss indictment. |
| July 12, 1956 | Motion to dismiss overruled; notice of appeal filed. |

In opposition to the motion to dismiss, the State placed in evidence the orders of continuance of January 14, 1956, and April 14, 1956. The two orders were in substantially the same form and, except for dates, provided as follows:

"Now, on this the 14th day of January [April], A.D. 1956, before the convening of the January [April], 1956 term of Circuit Court, it appearing to the Court that there are various pending and undisposed of cases in this Court, including cases standing on suspended sentences, as follows:

"[Here follows a long list of criminal cases, including State of Oregon v. Arthur William Ellison, and the order continues as follows:]

and various and all civil or other proceedings pending and undisposed of in this court.

"IT IS THEREFORE ORDERED that each and all of said criminal cases undisposed of and now pending, including all motions for new trial now pending, and those standing on suspended sentences, be, and they are hereby continued to the January [April] 1956 term of said court for such further proceedings as may be required.

"IT IS FURTHER ORDERED that all civil cases pending and undisposed of in this Court, including all motions for new trial now pending, whether submitted and undisposed of, or otherwise, be, and they are hereby continued by reason of lack of time to try and for further disposition during the January [April] 1956 term of said court. The present Grand Jurors are excused."

By statute the terms of the circuit court in Jackson county begin on the third Monday in January, April, July, and October (ORS 4.110). Insofar as pertinent, these dates fell on October 17, 1955, and January 16, April 16, and July 16, 1956.

To summarize then, the defendant was indicted during the October, 1955, term; the case was put at issue by plea during the next, or January, 1956, term; and he was brought to trial during the next, or April, 1956, term.

Since defendant had not entered his plea by the end of the October, 1955, term, he cannot complain of the continuance to the January, 1956, term, whether (1) his failure to plead be regarded either as good cause or as consent to postponement under ORS 134.120; or (2) the case be regarded as not "triable" until the term in which the plea is entered, as indicated in *State v. Chadwick*, 150 Or 645, 649, 47 P2d 232. The right to a speedy trial can be waived (see Anno. 129 ALR 572), and we hold that it was waived so long as defendant failed to plead. Therefore, we are concerned only with

the general order of continuance entered April 14, 1956, continuing the case from the January to the April term, although our holding with respect to that order would be equally applicable to the order of January 14.

The order of continuance itself contained no findings of fact nor recital of reasons for the continuance as to the criminal cases, although it did recite that the civil cases were continued "by reason of lack of time to try." Likewise the order denying the motion to dismiss the indictment contained no findings of fact, reciting merely that:

> "* * * the court having fully considered said matter and heard the arguments of counsel thereon, and being fully advised,
>
> "IT IS HEREBY ORDERED that defendant's motion to dismiss said indictment be and the same is hereby overruled."

No evidence was presented at the hearing on the motion to dismiss, other than the orders of continuance. Therefore, the sole issue on appeal is whether mere proof of the entry of a general order of continuance is a sufficient showing of "good cause" to prevent dismissal under ORS 134.120.

The subject of dismissals under ORS 134.120 was discussed at length, and all of the Oregon cases were analyzed, in *State v. Kuhnhausen*, 201 Or 478, 266 P2d 698, 272 P2d 225. In the view we take of this case it is unnecessary to review the general subject again or to reopen the controversies that divided the court in that case.

In the Kuhnhausen case the orders recited that the continuances were granted because the court did not have time to dispose of the cases during the term; and in addition, evidence was taken at the hearing on the

motion to dismiss the indictment with respect to the actual condition of the court's docket. So far as we can find, in all of the cases in which this court has passed on the effect of ORS 134.120, either the reasons for the continuance have appeared in some finding or recital in the court's order, or there was a factual record made by affidavits or testimony. Defendant seeks to distinguish those cases on the ground that the order here contains no reasons, and the only fact in the record is the mere entry of the order.

We might infer, from the fact that the order of January 14 listed some 180 criminal cases pending, and the order of April 14 listed some 150 criminal cases pending (including an indeterminate number on suspended sentence), and from the recital in both orders that the unlisted civil cases could not be tried for lack of time, that the criminal cases also could not be tried for lack of time. Under the Kuhnhausen case lack of time for trial is a sufficient cause to prevent dismissal.

■ It is unnecessary to draw such an inference, however, because in the absence of evidence to the contrary it must be presumed that the order of continuance was based upon good cause. *Grady v. People,* 125 Ill 122, 16 NE 654; *State v. Marshall,* 115 Mo 383, 22 SW 452; *Korth v. State,* 46 Neb 631, 65 NW 792; 24 CJS 721, Criminal Law § 1853.

■ Our practice does not require that an interlocutory order contain recitals or findings of fact, although they may be desirable; and in the absence of a showing to the contrary, the entry of the order presupposes that the court has found whatever facts are necessary to support it. The various disputable presumptions that

support the regularity of judicial proceedings are available here.‡

Under ORS 134.130 and 136.070, if sufficient reason is shown, the court may continue a criminal case to another day or another term. The condition of a trial court's docket is peculiarly a matter within the knowledge of the trial judge, and, where no facts are before us, we must presume that the court's action was based on sufficient reason, including his own knowledge of the state of his docket.

In *State v. Clark,* 86 Or 464, 473, 168 P 944, the court said:

"* * * It is argued by defendants' counsel that no cause was in fact shown. The order of the court, however, is to the contrary and the recital there made and signed by the judge cannot be controverted in the absence of a bill of exceptions relating to the matter: State v. Huting, 21 Mo. 464."

In *State v. Lee,* 110 Or 682, 686, 224 P 627, it was said:

"In the case at bar we have seen that the court made a general order continuing all cases until the succeeding term, for lack of time in which to try them. The presumption is that the continuance was properly ordered: Johnson v. State, 42 Ohio, 207; State v. Mollineaux, 149 Mo. 646 (51 S.W. 462); Nicholas v. Commonwealth, 91 Va. 741 (21 S.E. 364)."

‡ ORS 41.360 creates disputable presumptions that:
"* * * * *

"(15) Official duty has been regularly performed.

"(16) A court, or judge acting as such * * * was acting in the lawful exercise of his jurisdiction.

"(17) A judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties."

See also ORS 43.140, 43.160, 43.220; Quinn v. Hanks, 192 Or 254, 265-6, 233 P2d 767.

In *State v. Goldstein,* 111 Or 221, 224, 224 P 1087, where a general order of continuance was entered on the ground of lack of time, the court said:

> "In the absence of any showing to the contrary, and there is none, we assume that this record, made by a court of general jurisdiction, is a verity."

And as stated in *State v. Kuhnhausen,* supra, at page 537:

> "* * * Regardless of the burden of proof, the evidentiary presumption is that the continuance was properly ordered. State v. Lee, and cases cited therein."

■ The Kuhnhausen case, and the decisions therein reviewed, show that when an order of continuance for lack of time is offered as a showing of "good cause" to prevent dismissal under ORS 134.120, and that showing is controverted by evidence relating to the actual condition of the court's docket, this court will consider the factual record in order to determine whether the trial court abused its discretion in denying the motion to dismiss. To that extent at least, there has been a modification of the statement in earlier cases that the order of continuance imports "absolute verity" (e.g., *State v. German,* 163 Or 642, 645, 98 P2d 6; *State v. Weitzel,* 153 Or 524, 527, 56 P2d 1111). But even if the order does not have "absolute verity," it has "presumptive verity" in the absence of any evidence to overcome it. With the aid of this presumption, the order here, which contained no findings of fact nor recital of reasons, was the equivalent of an order such as those in the Kuhnhausen case, which recited lack of time as a specific ground for continuance.

■ Defendant argues in his brief that: "Good cause

manifestly is not shown by mere indulgence in inferences and presumptions that courts or judges will not violate the law.'' But a presumption is evidence (ORS 41.310); it is a deduction which the law expressly directs to be made from particular facts (ORS 41.340); and unless overcome by other evidence, its effect is to establish the presumed fact, *State v. Parr,* 54 Or 316, 322, 103 P 434.

██ We are not unmindful of the fact that on a motion to dismiss under ORS 134.120, the burden of proof to show ''good cause to the contrary'' is on the State. But on appeal from denial of the motion to dismiss, the burden in on the appellant to show that the trial court abused its discretion. *State v. Kuhnhausen,* supra, 201 Or at 536. We hold that introduction of the order of continuance, which was presumptively based upon good cause at the time it was entered, was a sufficient showing to fulfill in the first instance the State's burden of proof. Defendant might then have offered evidence to controvert the showing, but in the absence of evidence we must give full weight to the order.

█ In considering this case we have assumed that the two general orders of continuance are properly before us. However, there is no bill of exceptions, and the copies of the orders which were put in evidence are not certified or identified by either the clerk or the trial court. They are not included in the transcript forwarded by the clerk of the trial court under ORS 138.180, and, except for the statements of counsel, there is no record before us which shows that the orders were in fact entered. No doubt such orders can be deemed to have been entered in each pending case, insofar as they appear in the trial court's journal. But they are not a part of the judgment roll under ORS 137.190,

since they are not orders "involving the merits and necessarily affecting the judgment."

■ Although the orders were put in evidence as the State's showing, the burden is on the defendant, who is seeking appellate review, to bring a record to this court adequate to show that error has been committed. In the absence of a bill of exceptions, we might well affirm the lower court on the ground that there is nothing before us to show why the motion to dismiss was denied and, therefore, no showing that the denial was erroneous. But since the same presumptions that support the order denying the motion to dismiss also attend the orders of continuance themselves, the same result must follow.

The order denying the motion to dismiss the indictment is affirmed.