Submitted on record and briefs October 17, affirmed
November 7, 1969

STATE OF OREGON, *Respondent, v.*
GUILLERMO GALAN, *Appellant.*
460 P. 2d 368

Gary D. Babcock, Public Defender, Salem, filed
the brief for appellant. With him on the brief was
J. Marvin Kuhn, Deputy Public Defender, Salem.

H. Clifford Looney, District Attorney, Vale, filed
the brief for respondent.

BRANCHFIELD, J.

The defendant was convicted of burglary, after stealing a television set from a dwelling house, and he appeals. He contends that the only testimony at the trial which supported his conviction was the uncorroborated testimony of accomplices which, under the provisions of ORS 136.550, is insufficient to support a conviction.

The defendant and three other men, including one Herrera, went in a car to a dwelling house in Nyssa in the middle of the day on December 9, 1968, while the occupants were away at work. According to Herrera's testimony, the defendant and one of the other men went into the house and returned with the television set which they put into the trunk of the car. They then drove to Ontario and ultimately delivered the set to the home of Joe Ponce. There is no testimony in the record concerning other participation by Herrera in the burglary or that he knew the set was being stolen rather than taken with permission.

Ponce testified that, although he had seen the men in question before, including the defendant, and knew who they were, the first time he knew anything about a television set was when the carload of men came to his place of work with the television set in the car. Defendant then sold it to Ponce for $150, agreeing to deliver it to his home. There was no testimony to the contrary.

The court gave the jury the definition of an accomplice and instructed the jury that the testimony of an accomplice must be viewed with distrust and that corroboration of the testimony of an accomplice is required for conviction.

The record contains no evidence tying Ponce in

any way to the burglary, and is far from conclusive as to Herrera.

"* * * [W]here there is any conflict in the testimony as to whether a witness is or is not an accomplice, the issue must be submitted to the jury under proper instructions of the court * * *." *State v. Carr*, 28 Or 389, 395-96, 42 P 215 (1895). See also *State v. German*, 162 Or 166, 90 P2d 185 (1939), 163 Or 642, 98 P2d 6 (1939).

Affirmed.